# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of George Thomas Samaha, III,
Respondent.

Appellate Case No. 2016-001508

Opinion No. 27660
Submitted August 9, 2016 – Filed August 24, 2016

## DISBARRED

Lesley M. Coggiola, Disciplinary Counsel, and William
C. Campbell, Assistant Disciplinary Counsel, both of
Columbia, for Office of Disciplinary Counsel.

George Thomas Samaha, III, *Pro Se*.

**PER CURIAM:**    In this attorney disciplinary matter, respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to
disbarment.[1]  Respondent also agrees to pay the costs incurred in the investigation

---

[1] Respondent has a disciplinary history that consists of a deferred disciplinary agreement in
1999; a letter of caution with a finding of minor misconduct, issued in 2001, which cites Rules
1.1 (a lawyer shall provide competent representation to a client; competent representation
requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the
representation), 1.2 (scope of representation and allocation of authority between client and
lawyer), 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a
client), 1.4 (communication with clients), and 8.1 (responsibilities with regard to bar admissions
and disciplinary matters) of the Rules of Professional Conduct, Rule 407, SCACR; a letter of
caution without a finding of misconduct, issued in 2006, which cites Rules 1.1, *supra*, 1.15
(safekeeping property), and 8.4(b), RPC (it is professional misconduct for a lawyer to commit a
criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer
in other respects); a definite suspension, *In re Samaha*, 399 S.C. 2, 731 S.E.2d 277 (2012), which
cites Rules 1.1, *supra*, 1.3, *supra*, 1.5(a)(a lawyer shall not make an agreement for, charge, or

of this matter by ODC and the Commission on Lawyer Conduct within thirty days of imposition of discipline. We accept the Agreement and disbar respondent from the practice of law in this state. The facts, as set forth in the Agreement, are as follows.

## Facts/Law

## Matter A

Respondent witnessed and notarized the signature of his client's late wife, who had passed away seven years earlier, on the transfer and assignment of a mortgage in violation of Rule 8.4(d), *supra*.

## Matter B

Although he originally denied any altered or forged documents came from his law office and denied any knowledge of altered documents associated with his real estate practice, respondent admits forged insured closing protection letters (ICPL) were issued to the lenders by his staff. Respondent did not prepare the ICPLs, but admits they came from his law office and were prepared by his staff. Information later supplied by the title insurance company and a mortgage lender uncovered forgeries of not only ICPLs, but title insurance binders and title insurance policies. Respondent's agency relationship with the title insurance company that reported this matter had been terminated, as had respondent's approved attorney status. Absent the forgeries of these documents, respondent's real estate practice could not have functioned. Respondent allowed his staff to, in effect, run his office, failed to supervise them, and failed to supervise and review documents for closings in his

---

collect an unreasonable fee or an unreasonable amount for expenses), 1.7(b)(conflicts of interest), 1.8(a)(a lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client), 3.2 (a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client), 3.3(a)(1)(a lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer), 3.4(c)(a lawyer shall not knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists), 8.4(a)(it is professional misconduct for a lawyer to violate the Rules of Professional Conduct), and 8.4(d)(it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation), RPC; and an administrative suspension on May 22, 2013.

office. Respondent admits he bears responsibility for what occurred in his law office.

Respondent admits his conduct violated the following Rules of Professional Conduct, Rule 407, SCACR: Rules 1.1, *supra*; 1.3, *supra*; 1.15, *supra*; 4.1 (in the course of representing a client, a lawyer shall not knowingly make a false statement of material fact or law to a third person); 5.3 (responsibilities regarding nonlawyer assistants); 8.4(a), *supra*; 8.4(d), *supra*; and 8.4(e)(it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

## Matter C

Respondent failed to ensure prior mortgages were satisfied in four matters involving closings that took place just prior to respondent's one year suspension becoming effective. Respondent also failed to insure, by respondent's account, $239,618.31 entrusted to him to pay off four prior mortgages.

Respondent informed the attorney appointed to protect the interests of respondent's clients at the time of his suspension that the records of his law firm as well as the computers were destroyed by respondent's staff. Due to the lack of records, the total amount of funds respondent failed to safeguard is unknown. ODC reconstructed the last months of trust account transactions using bank records, but ODC cannot prove any large sums of money were transferred to respondent, his firm, or his staff. ODC notes multiple trust account checks were written to respondent, his firm or his staff. Prior to the filing of the complaints in these matters, there were no indications of serious financial mismanagement regarding respondent's real estate practice. Apparently, based on the records, new closings were funding previous closings until respondent's suspension, which caused the inflow of new funds to cease. Respondent admits he failed to supervise his staff, failed to reconcile his trust account, failed to monitor his trust account, failed to safeguard funds belonging to third parties, failed to maintain records, and failed to cooperate with the investigation of these matters.

Respondent admits his conduct violates the following Rules of Professional Conduct, Rule 407, SCACR: 1.1, *supra*; 1.3, *supra*; 1.15, *supra*; 8.1(b)(a lawyer in connection with a disciplinary matter shall not fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from a disciplinary authority); 8.4(a), (d), and 8.4(e), *supra*. Respondent also admits he has violated the financial recordkeeping requirements of Rule 417, SCACR.

## Matter D

In this matter, a forged ICPL was found in a closing package for a loan that was in default. The ICPL induced a mortgage company into permitting respondent to close on the subject transaction. Respondent also produced a title insurance binder from the closing that references a specific title insurance company that had terminated its relationship with respondent sometime prior to the closing. The binder therefore has no legal effect in affording the mortgage company protection. Respondent admits his conduct violates the following Rules of Professional Conduct, Rule 407, SCACR: 1.1, *supra*; 1.3, *supra*; 1.15, *supra*; 4.1, *supra*; 5.3, *supra*; 8.4(a), (d), and (e), *supra*.

## Matter E

Despite the fact respondent's professional liability insurance carrier had filed a declaratory judgment action in federal court, in which it alleged respondent's insurance application contained false and misleading information, respondent directed parties who had prior mortgages that had not been satisfied to file a claim with the carrier.

Respondent admits his conduct violates the following Rules of Professional Conduct, Rule 407, SCACR: 4.1, *supra*; 5.3, *supr*a; 8.4(a), (d) and (e), *supra*.

## Matter F

Respondent admits he typed, witnessed and notarized a revocation of a durable power of attorney for an 83 year old retired paralegal with cognitive and physical limitations in violation of the following Rules of Professional Conduct: 1.14 (responsibilities related to clients with diminished capacity); 8.4(d) and (e), *supra*; as well as Rule 34, RLDE, Rule 413, SCACR (employment of lawyers who are suspended).

Respondent admits all the conduct set forth in the matters above constitutes grounds for discipline under Rule 7(a)(1), RLDE, Rule 413, SCACR (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers).

## Conclusion

We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law in this state. Respondent shall, within thirty days of the date of this opinion, pay the costs incurred in the investigation of this matter by ODC and the Commission on Lawyer Conduct. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**